UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUDDY STRUCKMAN,
    Petitioner,

vs

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:20-cv-737

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner at the Pickaway Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on petitioner's motion to stay this action, which is not opposed by respondent.  (Doc. 7, 8).  For the reasons stated below, the undersigned recommends that petitioner's motion be granted.

In the motion, petitioner requests that the Court stay this action to provide him the opportunity to fully exhaust his state court remedies.  (Doc. 7).  Specifically, petitioner states that he wishes to exhaust Grounds Two and Three of the petition.[1]  He currently has an application to reopen his appeal pursuant to Ohio App. R. 26(B) pending in the Ohio Court of Appeals.[2]

Respondent does not oppose a discretionary stay in this action for petitioner to exhaust the claims in his pending Rule 26(B) application to reopen his direct appeal.  In response to the motion, respondent indicates that it intends to raise procedural default defenses in its Answer/Return of Writ and the pending Rule 26(B) application bears directly on procedural default issues and any potential cause for such defaults.  (Doc. 8 at PageID 52).

---

[1] Petitioner indicates that his failure to raise several of his claims on direct appeal was due to the ineffective assistance of counsel.  (*See* Doc. 4 at PageID 32).

[2] Viewed at https://www.courtclerk.org/ under Case No. C 1800287.  This Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

It is **RECOMMENDED** that petitioner's unopposed motion to stay this action (Doc. 7) be **GRANTED** to afford petitioner the opportunity to exhausts his ineffective assistance of appellate counsel claims raised in his pending Ohio App. R. 26(B) application and this matter be terminated on the Court's active docket. *See Rhines v. Weber,* 544 U.S. 269 (2005). It is **FURTHER RECOMMENDED** that the stay be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting his state court remedies through the requisite levels of state appellate review.

**IT IS SO RECOMMENDED.**

Date: 12/14/2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BUDDY STRUCKMAN,  
    Petitioner,

vs

WARDEN, PICKAWAY  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:20-cv-737

Black, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).