# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BUDDY STRUCKMAN,<br>    Petitioner, | Case No. 1:20-cv-737 |
| v. | Black, J.<br>Litkovitz, M.J. |
| WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **ORDER AND SUPPLEMENTAL<br>REPORT AND RECOMMENDATION** |

Petitioner, a prisoner at the Pickaway Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 15, 2020, the undersigned recommended that petitioner's unopposed motion to stay this action (Doc. 7) be granted for petitioner to exhaust the claims in his then pending Ohio App. R. 26(B) application to reopen his direct appeal. (Doc. 11). This report and recommendation is currently pending before the District Court.

Petitioner has since filed a motion "Requesting Stay and Abeyance Extended" (Doc. 13), a "26(B) Notification" (Doc. 14),[1] and a "Motion for Leave to Amend Petition," along with a proposed amended petition (Doc. 15). The District Court has recommitted this case to the undersigned to consider petitioner's recent filings. (Doc. 16). For the reasons stated below, the

---

[1]Petitioner's 26(B) Notification is docketed as a motion to reinstate the case. (*See* Doc. 14). Although petitioner does request in Document 14 that his case be reinstated, indicating that he has now exhausted his Rule 26(B) application, he also requests in the same document that the Court consider his motion to continue the stay (Doc. 13), in which he asks the Court to permit him to continue exhausting other state post-conviction proceedings. (*See* Doc. 14 at PageID 75; *see also* Doc. 13 at PageID 70). Given petitioner's reference to his motion to continue the stay, the Court understands petitioner's 26(B) Notification to be an attempt by petitioner to comply with the December 15, 2020 recommendation to grant a stay to allow petitioner to exhaust the claims in his then pending Ohio App. R. 26(B) application to reopen his direct appeal and to condition the stay on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty days after fully exhausting his state-court remedies, while at the same time seeking a continuation of the recommended stay to exhaust other state-court proceedings. (*See* Doc. 11 at PageID 62). As such, the Court understands Document 14 to be a status update rather than a motion to reinstate the case. Accordingly, the undersigned herein **RECOMMENDS** that any request in petitioner's Rule 26(B) Notification to reinstate the case at this time be **DENIED as premature.**

undersigned hereby **GRANTS** petitioner's motion to amend his petition (Doc. 15).  **FURTHER**, the undersigned hereby **VACATES IN PART** the December 15, 2020 Report and Recommendation (Doc. 11) and supplements it as stated herein.

A.   **Petitioner's Motion to Amend**

Amendments to habeas corpus petitions are governed by Rule 15 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases (stating that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with . . . these rules, may be applied to a proceeding under these rules.").

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  Because respondent has not yet answered petitioner's initial petition, petitioner may amend his petition as a matter of course.  *See Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) (holding that "Rule 15(a) permits a plaintiff to file an amended complaint, without seeking leave from the court, at any time before a responsive pleading is served").

Accordingly, petitioner's motion to amend his petition (Doc. 15) is **GRANTED**.  Petitioner's amended petition is now the operative petition in this matter.

B.   **Petitioner's 26(B) Notification and Motion to Continue Stay**

It appears from petitioner's Rule 26(B) Notification (Doc. 14) that he has now exhausted the claims related to his Rule 26(B) application.  (*See* Doc. 14, at PageID 75).  However, as mentioned above in note 1, petitioner asserts in his motion to continue the stay (Doc. 13) that he is currently exhausting other state post-conviction remedies.  (Doc. 13, at PageID 70).[2]

---

[2] A search of the Ohio Supreme Court's website reveals that petitioner currently has two open matters in that court, Case Nos. 2021-537, 2021-539.  (Viewed at: https://www.supremecourt.ohio.gov/Clerk/ecms/#/search).  These

Respondent has not filed an opposition to petitioner's motion to continue the stay, and the Court therefore considers the motion to be unopposed.

Because it appears that petitioner has exhausted his remedies as they pertain to his Rule 26(B) proceedings but continues to exhaust remedies related to other post-conviction proceedings, the undersigned hereby **VACATES IN PART** the December 15, 2020 Report and Recommendation (Doc. 11) and supplements it as follows:

It is **RECOMMENDED** that petitioner's unopposed motion to stay this action (Doc. 7) and unopposed motion to continue the stay (Doc. 13), which the Court construes as a supplemental motion to stay, be **GRANTED** to afford petitioner the opportunity to exhaust his pending post-conviction proceedings in the state courts and that this matter be terminated on the Court's active docket. *See Rhines v. Weber,* 544 U.S. 269 (2005). It is **FURTHER RECOMMENDED** that the stay be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting his state-court remedies through the requisite levels of state appellate review. **ADDITIONALLY,** it is **RECOMMENDED** that respondent be ordered to file an answer to the amended petition conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases **within sixty (60) days** of an Order reinstating this case to the Court's active docket. **FINALLY,** it is **RECOMMENDED** that any request in petitioner's Rule 26(B) Notification to reinstate the case at this time be **DENIED as premature**.

### IT IS THEREFORE ORDERED THAT:

Petitioner's motion to amend (Doc. 15) is **GRANTED**, and petitioner's amended petition is now the operative petition in this matter.

---

cases appear to relate to claims in petitioner's amended petition. (*See* Doc. 15-1, at PageID 88, 90, referencing the Ohio Court of Appeals case numbers underlying his appeals to the Ohio Supreme Court). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's unopposed motion to stay this action (Doc. 7) and construed supplemental motion to stay (Doc. 13) be **GRANTED** to afford petitioner the opportunity to exhaust his state-court remedies and this matter be terminated on the Court's active docket. *See Rhines v. Weber,* 544 U.S. 269 (2005).

2. The stay be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting his state-court remedies through the requisite levels of state appellate review.

3. Respondent be ordered to file an answer to the amended petition conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases **within sixty (60) days** of an Order reinstating this case to the Court's active docket.

4. Any request in petitioner's Rule 26(B) Notification to reinstate the case at this time be **DENIED as premature**.

Date: 6/22/2021

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BUDDY STRUCKMAN,
    Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

Case No. 1:20-cv-737

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).