# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| BUDDY STRUCKMAN,<br>    Petitioner,<br><br>        v.<br><br>WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,[1]<br>    Respondent. | Case No. 1:20-cv-737<br><br>Black, J.<br>Litkovitz, M.J.<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on petitioner's motion to reinstate this habeas corpus action (Doc. 21), which was administratively stayed and terminated on the Court's active docket on July 8, 2021, while petitioner exhausted his state-court remedies (Doc. 19), and for appointment of counsel (Doc. 22). Respondent opposes both motions. (Docs. 23, 24).

Upon this Court's review of the record, it does not appear that petitioner has exhausted his available remedies. Rather, the Hamilton County Clerk of Courts' publicly available Internet records show that petitioner currently has an appeal relating to his underlying state-court criminal convictions pending in Case No. C2200658.[2]

Because petitioner has not shown that he has exhausted his available state-court remedies, the undersigned **RECOMMENDS** that petitioner's motion to reinstate his habeas case (Doc. 21) be **DENIED without prejudice** to refiling upon his compliance with the conditions of

---

[1]At the time petitioner commenced this action, he was housed at Pickaway Correctional Institution. He is currently housed at Richland Correctional Institution.

[2]A search of the Hamilton County Clerk of Court's website reveals that petitioner currently has an appeal pending in Case No. C2200658 relating to petitioner's post-conviction proceedings. (Viewed at: https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=C+2200658&submit.x=13&submit.y=12.) Further, at the time petitioner filed the instant motion to reinstate his case, it appears that he also had an appeal pending in Case No. 2022-1378 in the Ohio Supreme Court. However, a search of the Ohio Supreme Court's website shows that this matter was decided on January 31, 2023. (Viewed at: https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2022/1378). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

the July 28, 2021 stay order and that his motion for appointment of counsel (Doc. 22) be **DENIED as moot.**

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion to reinstate this habeas corpus action (Doc. 21) be **DENIED without prejudice** and that this action remain stayed and terminated on the Court's active docket pending petitioner's compliance with the conditions of the July 8, 2021 stay order.

2. Petitioner's motion for appointment of counsel (Doc. 22) be **DENIED as moot.**

3. A certificate of appealability should not issue because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[3]

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/2/2023

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BUDDY STRUCKMAN,
    Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:20-cv-737

Black, J.
Litkovitz, M.J.

**<u>NOTICE</u>**

    Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).