# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| BUDDY STRUCKMAN, | : | Case No. 1:20-cv-737 |
| Petitioner, | : | |
| vs. | : | District Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| WARDEN, PICKAWAY CORRECTIONAL INSTITUTUION, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on petitioner's motion to reinstate this habeas corpus action (Doc. 32), which was administratively stayed and terminated on the Court's active docket on July 8, 2021, while petitioner exhausted his state-court remedies (*see* Docs. 17, 19). The matter is also before the Court on petitioner's Motion for Leave to Amend 28 U.S.C. § 2254 Habeas Petition, through which petitioner seeks to file a second amended habeas petition. (Doc. 33). Respondent has not opposed either motion.

It appears that petitioner has now exhausted all available state-court remedies and complied with the requirements of the stay. It is therefore **RECOMMENDED** that petitioner's unopposed motion for reinstatement of this action (Doc. 32) be **GRANTED**. Further, the Order entered on July 8, 2021, administratively staying the action and terminating the case on the Court's active docket (Doc. 19), should be **VACATED**.

Next, in accordance with the liberal amendment policies of Federal Rule of Civil

Procedure 15,[1] the Court should **GRANT** petitioner's unopposed motion for leave to amend (Doc. 33) and **ORDER** respondent to file an answer addressing petitioner's second amended petition conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases **within sixty (60) days** of the date of any Order adopting this Report and Recommendation. (*See* Doc. 5). Petitioner would then have **twenty-one (21) days** after the answer is filed to file and serve a reply to the answer. (*See* Doc. 5, at PageID 41).

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's unopposed motion for reinstatement of this action (Doc. 32) be **GRANTED** and that the Court's Order entered on July 8, 2021, administratively staying the action and terminating the case on the Court's active docket (Doc. 19) be **VACATED.**

2. Petitioner's unopposed motion for leave to amend (Doc. 33) be **GRANTED.**

3. Respondent be **ORDERED** to file an answer addressing petitioner's second amended petition that conforms to the requirements of Rule 5 of the Rules Governing § 2254 Cases **within sixty (60) days** of the date of any Order adopting this Report and Recommendation. (*See* Doc. 5).

4. Petitioner be **GRANTED twenty-one (21) days** after the answer is filed to file and serve a reply to the answer. (*See* Doc. 5, at PageID 41).

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] 28 U.S.C. § 2242 provides that a habeas petition may be amended as provided in the Federal Rules of Civil Procedure.

2

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

**IT IS SO RECOMMENDED.**

April 10, 2024

KAREN L. LITKOVITZ
United States Magistrate Judge