# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

BUDDY EUGENE STRUCKMAN,

                Petitioner,    :    Case No. 1:20-cv-00737

  - vs -                     District Judge Timothy S. Black
                                    Magistrate Judge Michael R. Merz

WARDEN,
 Pickaway Correctional Institution,

                           :
              Respondent.

## REPORT AND RECOMMENDATIONS OF PETITIONER'S MOTION FOR SUMMARY JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Buddy Struckman under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Summary Judgment (ECF No. 67). Respondent opposes the Motion (ECF No. 70), and Petitioner has filed a Reply in Support (ECF No. 71).

A motion for summary judgment is classified as dispositive by Fed.R.Civ.P. 72, requiring a report and recommended disposition from an assigned Magistrate Judge. The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 76).

Petitioner asserts he is entitled to summary judgment because "there is no genuine dispute as to the following material facts, as established in his unrebutted Traverse filed December 22,

1

2025, and the attached Affidavit of Truth (Exhibit C):

> 1. ISSUE PRECLUSION: The 2017 Court (Case No. C-15-CRB10112) determined as an ultimate fact that the State had "no evidence" of Petitioner's residency (See Attachment F, also known as Exhibit B, T.P.Page 27). Under *Ashe v. Swenson*, this barred the 2018 relitigation of residency.
>
> 2. ACTUAL INNOCENCE (SCHLUP GATEWAY): Petitioner was a workman performing repairs on an abandoned structure occupied by squatters (Exhibit C). He did not live at the address.
>
> 3. FAILURE TO SEIZE EVIDENCE: Law enforcement never gathered or seized the clothing or the small carry safe as physical evidence. The State's case relied on a "physical linkage" (the clothing) that Petitioner has proven was fraudulent through jury comparison (Exhibit C).
>
> 4. UNREBUTTED RECORD: Respondent has failed to object to the facts in Petitioner's December 22, 2025, Traverse. Under Rule 56(e)(2), these facts are deemed admitted.

Motion, ECF No. 67, PageID 4849-50.

Factual statements made in the Traverse are not deemed admitted by Respondent's failure to rebut them because the Rules Governing § 2254 Cases do not provide for a respondent to reply to a traverse.  Thus the Court draws no inference of admission from the lack of a response.

In his Second Amended Petition, the currently operative pleading, Struckman pleads the following four grounds for relief:

> **GROUND ONE**: Sufficiency of the evidence; knowing and voluntary waiver of counsel; competency; errors in jury instructions.
>
> **GROUND TWO**: Error in ruling on 26(B) application to reopen his appeal; appellate counsel erred in the recitation of facts on direct review, failed to incorporate claims Struckman sought to raise in the brief.
>
> **GROUND THREE**: Error in denying motions for new trial; errors in jury instructions.

> **GROUND FOUR**: Error in denying petition to vacate or set aside judgment of conviction; error regarding transcripts during trial; knowing and voluntary waiver of right to counsel; competency; right to be present at a critical stage.

Second Amended Petition, ECF No. 55, PageID  819-841.

In his instant Motion for Summary Judgment, Struckman makes no effort to relate the evidence on which he relies to any of the grounds for relief.  That is to say, he has not shown that the evidence on which he relies shows that there is no genuine issue of material fact as to any of the Grounds for Relief.

**Collateral Estoppel**

Petitioner seems to be arguing that a finding in a 2017 state court case precluded his 2018 prosecution in the case now in suit, relying on the collateral estoppel doctrine announced in *Ashe v. Swenson*, 397 U.S. 436 (1970).  In that case, the Supreme Court held

> where three or four armed men robbed six poker players in home of one of the victims and defendant was charged in separate counts with robbery of each of the six poker players and was tried on one count and was acquitted for insufficient evidence in prosecution in which identity of defendant was the single rationally conceivable issue in dispute, federal rule of collateral estoppel, embodied in the Fifth Amendment guarantee against double jeopardy, precluded subsequent prosecution of defendant for robbery of a different player.

*Id.* at Synopsis.

Petitioner has not explained why *Ashe* is relevant.  His Second Amended Petition does not plead a Double Jeopardy claim, so it is unclear why he believes *Ashe* precludes his 2018 conviction.  Neither of the charges on which he was convicted had as an element that he was a "resident" of a particular place on a particular day and at a particular time, so a judgment from

3

another court that he was not a resident at that time, date, and place would not bar conviction in a later case by collateral estoppel.

Moreover, Petitioner's attempt to prove what happened in the 2017 case is woefully inadequate.  He offers a single page of what appears to be a transcript, but the document is unidentified and unauthenticated.  It appears at first glance to be transcription of an oral ruling on a motion for judgment of acquittal under Ohio R. Crim. P. 29.  If that is what it is, the ruling would bar as a matter of double jeopardy re-prosecution of whatever charge was before that court at that time.  But the Motion does not even tell this Court what the charges were that were being tried at the time.

On the basis of what he has submitted, Petitioner is not entitled to summary judgment on his claim that collateral estoppel barred his prosecution in the case under attack here.

**Actual Innocence**

Petitioner next claims that he has proved his actual innocence to the level required by *Schlup v. Delo*, 513 U.S. 298, 319 (1995).  As proof he relies on his own affidavit, ECF No. 67-1, PageID 4854-56.

The Affidavit is certainly new evidence in the sense that it is not a part of the State Court Record.  But it is not new evidence of the type required by *Schlup.* The Sixth Circuit interpreted the new evidence requirement in *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005) where it held "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* at 590, citing *Schlup* at 324.  Petitioner's Affidavit of Truth meets none of the *Souter/Schlup* criteria.  If it repeats

testimony Petitioner gave at trial, it plainly was insufficient to persuade the jury.  If it is new in the sense that it is comprised of facts Petitioner knew at the time of trial but did not testify to, he offers no justification for having waited until February 27, 2026.

While the Court accepts the proposition that *Pinholster* does not bar new evidence of the sort required by *Schlup*, that new evidence can only be used to overcome procedural hurdles such as procedural default or the statute of limitations.  To put it another way, a habeas court's finding that new evidence satisfies the *Schlup* gateway does not result in a declaration that a petitioner is actually innocent, but rather opens the gateway to establish constitutional claims on the merits.

In any event, Petitioner's Affidavit does not satisfy the *Schlup* standard.

**Failure to Seize Evidence**

As his third basis for summary judgment, Petitioner believes he has shown law enforcement officers failed to seize physical property from 522 Maple.  Because there is no constitutional right to have such a seizure made, Petitioner is not entitled to summary judgment on this basis.

**Failure to Rebut**

As his fourth basis for summary judgment, Petitioner asserts Respondent has not rebutted the assertion of facts made in his Traverse.  As noted above, the Rules Governing § 2254 Cases do not provide an opportunity for such a rebuttal so no adverse inference can be drawn from Respondent's having failed to file in response to the Traverse.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Petitioner's Motion for Summary Judgment be denied.

June 26, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.