# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BUDDY EUGENE STRUCKMAN,        :       Case No. 1:20-cv-737

                           :

        Petitioner             :       District Judge Timothy S. Black

                           :       Magistrate Judge Michael R. Merz

                           :

vs.                          :

                           :

WARDEN,                    :

Pickaway Correctional Institution,     :

                           :

        Respondent.         :

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Buddy Struckman under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (Doc. 73) to the Magistrate Judge's Order (Doc. 72) granting in part and denying in part Petitioner's Motion to Expand the Record (Doc. 58), granting in part and denying in Petitioner's Motion to File Oversized Traverse (Doc. 59), denying Petitioner's Motion to Appoint Counsel (Doc. 59), and denying  Petitioner's Motion for Judicial Notice (Doc. 64).  The Objections were timely filed per Fed.R.Civ.P. 72.  The Warden has not filed a response to the Objections, so they are ripe for consideration.

All of the Magistrate Judge decisions objected to are decisions on non-dispositive motions so the standard of review is for clear error.  Having reviewed Magistrate Judge Litkovitz's decisions in issue, the Court rules as follows:

The Magistrate Judge denied the Motion to Expand the Record to the extent it sought to add documents that were already part of the record (Doc. 72).  Petitioner objects that somehow his use of those documents which were already part of the record is limited to certain purposes.  However, he does not identify any ruling from Magistrate Judge Litkovitz to that effect.

Petitioner's principal complaint seems to be with respect to pagination and record references in Respondent's Return.  It would be inappropriate to expand the record to include additional copies of documents because of errors in record reference; that would clearly lead to duplication and then where would the Court find the relevant document?  The Court finds no error in the Magistrate Judge's refusal to allow duplicative filings.  If the Magistrate Judge finds the references confusing, he[1] retains authority to correct that difficulty.

In granting in part the Motion to Expand, Magistrate Judge Litkovitz limited consideration of Exhibits A-2, A-3, A-7, and A-8 to efforts by Petitioner to overcome Respondent's procedural default arguments (Doc. 72).  Petitioner objects that this ruling "is contrary to law for several independent reasons."  (Doc. 73).

Petitioner first objects that this ruling is inconsistent with Rule 7 of the Rules Governing § 2254 Cases, but presents no case authority to that effect (Doc. 73).  This objection is **overruled**.

Petitioner next objects that the ruling is misapplies *Cullen v. Pinholster,* 563 U.S. 170 (2011)(Doc. 73) .  Without ruling on the merits of this objection, the Court will render it **moot** by accepting Petitioner's invitation, to which Respondent has not replied, to allow "full consideration of Attachments A-2, A-3, A-7, and A-8 for all legally relevant purposes." (Doc. 73).

---

[1] The Magistrate Judge reference in the case has been transferred from Magistrate Judge Litkovitz to Magistrate Judge Merz (*See* Doc. 76).

2

Petitioner next objects to the exclusion of "the Remainder of the Remainder of Attachment A-9). Magistrate Judge Litkovitz excluded the "remainder of attachment A-9 (Doc. 58-1, PageID 4190-91 (correspondence to the FOIA Service Center in Washington, D.C.); Doc. 58-1, PageID 4196 (Jan. 12, 2024 correspondence from the U.S. Department of Justice); and Doc. 58-1, PageID 4197-98 (correspondence affirming denial of FOIA request)(Doc. 72). She reasoned that Petitioner had "failed to show how this proposed evidence is properly included in the Record. *See Beuke v. Houk,* 537 F.3d 618, 654 (6th Cir. 2008)." *Id.*

Petitioner objects that

> *Pinholster* limits new evidence only when a federal court reviews a state court's merits adjudication under § 2254(d)(1). It does not apply to: *Brady* claims, *Kyles* duty-to-learn analysis, *Napue* false-impression claims, actual-innocence gateway review under *Schlup*, or § 2254(d)(2) unreasonable-factual-determination review. Federal courts routinely consider evidence outside the state-court record for these purposes. *See* Banks, 540 U.S. at 691-98; *Williams v. Taylor*, 529 U.S. 420, 437 (2000). The Order's categorical exclusion of A-9 therefore conflicts with controlling precedent.

Despite this categorical assertion, Petitioner provides no authority to show the accuracy of any of these claims. Petitioner's objection is accordingly **overruled without prejudice** to his timely filing of a renewed motion to expand the record to include Exhibit A-9 which includes post-*Pinholster* precedent supporting his position.

Petitioner next objects that the "Order Denies Judicial Notice of Relevant State Court Records." (Doc. 73).  Magistrate Judge Litkovitz denied judicial notice because she found taking judicial notice of a finding from Hamilton County Case No. C-15-CRB-10112.

> is not a proper function of judicial notice. Judicial notice is designed for situations where there is an indisputable fact upon which a party wishes to rely. It is not intended for situations, such as here, where the petitioner is asking the Court to make a finding based on evidence presented to another court. *See, e.g., Larr v. Mackey*, No. 2:24-CV-1730, 2025 WL 3472965, at *1 (S.D. Ohio Dec. 3, 2025) (Merz, J.)."

Fed. R. Evid. 201 provides:

> **Rule 201**. Judicial Notice of Adjudicative Facts
>
> (a)  Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> (b)  Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>> (1) is generally known within the trial court's territorial jurisdiction; or
>>
>> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> (c) Taking Notice. The court:
>> (1) may take judicial notice on its own; or
>> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

Petitioner objects that "Because judicial notice of state-court records is routine and appropriate, and because Petitioner did not request any factual findings beyond acknowledging the existence of those records, the Order's denial is contrary to law." (Doc. 73).  Petitioner provides

4

no authority for the proposition that taking judicial notice of state court records is routine.  More importantly, Petitioner did not attach authenticated copies of the municipal court records of whose existence he says he wishes the Court to take judicial notice.  The adjudicative fact of which Petitioner wishes judicial notice to be taken is "On January 24, 2017, in Hamilton County Case No. C-15-CRB-10112, Judge Brad Greenberg ruled as a matter of law that the State presented "no evidence" to establish that Petitioner resided at 622 Maple Street."  If that fact is indisputable, there must be some document that recites it, either an entry or a transcript of something the judge said in open court.  Presented with proper documentation of that statement, the Court would be willing to reconsider Magistrate Judge Litkovitz's ruling, provided Petitioner provides some showing of its relevance.  Petitioner's objection is **overruled without prejudice** to its reconsideration upon proper submission.  Without more, the Court is not persuaded that collateral estoppel makes this purported adjudicative fact dispositive of the underlying state court conviction.

Petitioner has moved several times for appointment of counsel, the most recent being on January 12, 2026 (Doc. 61).  Magistrate Judge Litkovitz denied that Motion March 23, 2026, finding that the issues to be decided are straightforward and Petitioner has shown his ability to file and respond to motions (Doc. 72).  Petitioner objects that Judge Litkovitz applied the wrong legal standard and the issues are not straightforward (Doc. 73).  Reviewing that decision for abuse of discretion, the Court finds none.  In addition to the factors cited by Judge Litkovitz, the Court notes that, although 18 U.S.C. § 3006A grants discretion for appointment, the Congress has never appropriated sufficient funds to allow such appointment in non-capital cases.  Because this District has one of the highest capital habeas caseloads in the country and those cases remain on the docket for many years, the Court simply does not have funds to appoint counsel in this case.  Petitioner's Objections on this issue are **overruled**.

Petitioner's Objection to Judge Litkovtz's finding that the issues in the case are straightforward is **overruled** as the finding is not material.

    **IT IS SO ORDERED.**

Date: _____6/29/2026_____             ___*s/Timothy S. Black*_____
                                               Timothy S. Black
                                               United States District Judge