# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BUDDY EUGENE STRUCKMAN,        :       Case No. 1:20-cv-737

                              :

       Petitioner             :      District Judge Timothy S. Black

                              :      Magistrate Judge Michael R. Merz

                              :

vs.                          :

                              :

WARDEN,                   :

 Pickaway Correctional Institution,   :

                              :

       Respondent.          :

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Buddy Struckman under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (Doc. 82) to the Magistrate Judge's Report and Recommendations (Doc. 79) recommending denial of Petitioner's Motion for Summary Judgment (Doc. 67).  District Court review of Magistrate Judge recommendations on dispositive motions such as motions for summary judgment is *de novo* with particular attention to the issues on which a party has objected.  Fed.R.Civ.P. 72(b)(1); 28 U.S.C. § 636(b)(1).

Although the Objections are timely, they are extremely deficient as to form in at least the following ways:

1. They are not signed as required by Fed.R.Civ.P. 11.  In each place where there should be a signature, the Objections contain "*Isl* Buddy Eugene Struckman" instead of the ink signature required by Fed.R.Civ.P. 11.  Petitioner is not a licensed attorney admitted to practice in this

Court or a registered user of the CM/ECF filing system.  His Objections are therefore not signed as required by Fed.R.Civ.P. 11.

2. Petitioner's record references do not comply with Magistrate Judge Litkovitz's Order that "All papers filed in the case thereafter [i.e. after the filing of the State Court Record], by either party, including the answer and the exhibit index, shall include record references to the PageID number." (Doc. 5).  Petitioner's Objections are forty-six pages long and do not contain a single PageID citation.

3. In his Motion for Summary Judgment, Petitioner relied on the fact that Respondent had not rebutted the facts stated in his Traverse.  The Report noted that the Rules do not provide for a response to a traverse and therefore no inference could be drawn from Respondent's failure to rebut (Doc. 79).

4. Petitioner relies in his Objections on documents from the Hamilton County Municipal Court which he says establish that he did not live at the address on Maple where the firearm in suit was found by police.  Petitioner argues this prevents by way of collateral estoppel his conviction per *Ashe v. Swenson*, 397 U.S. 436 (1970).  The Court leaves the substantive evaluation of this claim to consideration of the merits in the first instance by the Magistrate Judge.  Procedurally, however, the proof of authenticity is not sufficient.  The proper way to prove the authenticity of a transcript is with the certificate of the court reporter who recorded the proceeding, not with an affidavit of one of the parties. Struckman attempts to prove authenticity of the few pages he offers from the transcript by Declaration under 28 U.S.C. § 1746.  *See* PageID 5003.  In fact, the filed excerpt contains a page with a signature line for the court reporter which is unsigned. *See* PageID 5009.

2

For the foregoing procedural reasons, the Magistrate Judge's recommendation is **ADOPTED** and Petitioner's Motion for Summary Judgment is **DENIED**.  Consideration of the merits is reserved in the first instance to the Magistrate Judge.

**IT IS SO ORDERED.**


Date:     7/8/2026                                    _s/Timothy S. Black_____
                                                      Timothy S. Black
                                                      United States District Judge