**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**


BUDDY EUGENE STRUCKMAN,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 1:20-cv-00737 |
| - vs - | | | District Judge Timothy S. Black<br>Magistrate Judge Michael R. Merz |
| WARDEN,<br>Pickaway Correctional Institution, | | | |
| | | : | |
| | Respondent. | | |

---

## DECISION AND ORDER ON MOTION TO EXPAND THE RECORD

---

This habeas corpus case, brought *pro se* by Petitioner Buddy Struckman under 28 U.S.C. § 2254, is before the Court on Petitioner's Renewed Rule 7 Motion to Expand the Record (ECF No. 94).  The Motion is purportedly made pursuant to an Order of District Judge Black of June 29, 2026.  Petitioner references "(Doc. 80[1]), which expressly authorizes Petitioner to file a renewed motion supported by post-*Pinholster* precedent."  (ECF No. 94, PageID 5202).

The relevant portion of Judge Black's Order reads:

> Magistrate Judge Litkovitz excluded the "remainder of attachment A-9 (Doc. 58-1, PageID 4190-91 (correspondence to the FOIA Service Center in Washington, D.C.); Doc. 58-1, PageID 4196 (Jan. 12, 2024 correspondence from the U.S. Department of Justice); and Doc. 58-1, PageID 4197-98 (correspondence affirming denial of

---

[1] Despite having been repeatedly admonished, Petitioner continues to violate Magistrate Judge Litkovitz's Order on the form of record references.

1

FOIA request)(Doc. 72). She reasoned that Petitioner had "failed to show how this proposed evidence is properly included in the Record. *See Beuke v. Houk,* 537 F.3d 618, 654 (6th Cir. 2008)." *Id.*

Petitioner objects that

> *Pinholster* limits new evidence only when a federal court reviews a state court's merits adjudication under § 2254(d)(1). It does not apply to: *Brady* claims, *Kyles* duty-to-learn analysis, *Napue* false impression claims, actual-innocence gateway review under *Schlup*, or § 2254(d)(2) unreasonable-factual-determination review.
>
> Federal courts routinely consider evidence outside the state-court record for these purposes. *See Banks*, 540 U.S. at 691-98; *Williams v. Taylor*, 529 U.S. 420, 437 (2000). The Order's categorical exclusion of A-9 therefore conflicts with controlling precedent.
>
> Despite this categorical assertion, Petitioner provides no authority to show the accuracy of any of these claims. Petitioner's objection is accordingly **overruled without prejudice** to his timely filing of a renewed motion to expand the record to include Exhibit A-9 which includes post-*Pinholster* precedent supporting his position.

Order, ECF No. 80, PageID 4958 (emphasis *sic*).

Petitioner reminds us of our duty to liberally construe his *pro se* filings "to recognize the gun-owner information as a properly presented ground for relief." (Motion, ECF No. 94, PageID 5203). To show that it is, he cites Doc. 33-1, Page 5, PAGEID 196 and Doc. 63, Page 22, Section 3. ECF No. 33-1 is Petitioner's Amended Petition; page 5 is PageID 192 and contains no pleaded grounds for relief at all, although it does mention claims raised in Petitioner's motion for new trial in the Common Pleas Court. ECF No. 63 is Petitioner's Notice of State's Default and Failure to Respond; it is only two pages long and contains no pleaded grounds for relief. In short, there is nothing at either of the cited places which the Court could liberally construe to find Petitioner had made a "gun owner information claim."

Petitioner concedes:

> Exhibit A-9 does not contain the exculpatory gun-owner evidence itself. Instead, A-9 documents Petitioner's repeated and diligent efforts to obtain that evidence from federal agencies after the State refused to provide copies of any gun-owner records in discovery, despite Petitioner's formal discovery request filed on 5/7/2015. A-9 shows that Petitioner attempted to obtain this information through every available federal channel, and that the federal government confirmed no such records were ever disclosed to Petitioner or authorized to be produced by the State.

Motion, ECF No. 94, PageID 5204. Instead of the actual supposedly-relevant gun owner information, Petitioner represents that Exhibit A-9 includes "Petitioner's FOIA request to DOJ/ATF, follow-up correspondence, DOJ's formal denial, DOJ's affirmation of denial, and Petitioner's administrative appeal attempts." *Id.* There is correspondence from the Department of Justice included among other items.

Petitioner asserts

> Because possession — actual or constructive — is the core element of the offense [of which Petitioner was convicted], evidence showing that someone else owned and controlled the ordnance would have provided Petitioner with a complete defense, creating reasonable doubt as to guilt under any theory of possession. This is precisely the type of exculpatory evidence *Brady* and *Kyles* require the State to disclose, and precisely the type of innocence-directed evidence *Schlup* requires the Court to consider.
>
> The State's refusal to disclose gun-owner records—despite Petitioner's discovery request filed on 5-7-15 — prevented Petitioner from presenting this defense.

Motion, ECF No. 94, PageID 5206-07. It is here that Petitioner's theory goes awry. The Court assumes the correctness of Petitioner's assertion that possession is an essential element of the offense of which he was convicted. But the fact that someone else may have been the registered owner on a given date does not prove anything about possession on that date. Being movable tangible property, firearms can be borrowed, purchased, stolen, etc. Thus not being the registered

3

owner on a given date does not provide a "complete defense" to a charge of possession on that date. Moreover, since Petitioner does not have evidence of who the registered owner was on the date in question, the Court cannot evaluate what the probative value of any such evidence might have been. Certainly it would not be evidence of actual innocence of the kind required by *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

Judge Black's Order invited Petitioner to re-file his expansion request as it relates to Exhibit A-9 if supported by post-*Pinholster* precedent. Instead, Petitioner cites Supreme Court precedent which is all pre-*Pinholster*. Motion, ECF No. 94, PageID 5214, citing *Banks v. Dretke*, 540 U.S. 668, 691-98 (2004); *Williams v. Taylor*, 529 U.S. 420, 437 (2000); *Strickler v. Greene,* 527 U.S. 263 (1999); and *Kyles v. Whitley*, 514 U.S. 419 (1995). All were decided before *Pinholster* which was handed down in 2011.

Because Petitioner has failed to satisfy the conditions of Judge Black's Order, his Renewed Rule 7 Motion to Expand the Record (ECF No. 94) is denied.

July 16, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

4