# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BUDDY EUGENE STRUCKMAN,

                  Petitioner,    :      Case No. 1:20-cv-00737

  - vs -                     District Judge Timothy S. Black
                                     Magistrate Judge Michael R. Merz

WARDEN,
 Pickaway Correctional Institution,

                               :

              Respondent.

## REPORT AND RECOMMENDATIONS AND ANCILLARY ORDER

This habeas corpus case, brought *pro se* by Petitioner Buddy Struckman under 28 U.S.C. § 2254, is before the Court for decision on the merits on the Second Amended Petition (ECF No. 55), the State Court Record (ECF No. 56), the Return of Writ (ECF No. 57), and Petitioner's Traverse (ECF Nos. 89, 95, 101).

Because of failure to comply with Magistrate Judge Litkovitz's Order regarding record citations, Petitioner was ordered to file a complying amended traverse by July 15, 2026. He filed two such documents on July 13, 2026, and one on July 15, 2026, without any explanation. The Court will treat the latest filed (ECF No. 101) as the operative document. Petitioner is forbidden to file any other iterations of the Traverse without the Court's permission; attempting to do so will be regarded as a contempt of court.

In the Traverse, Petitioner attempts to incorporate by reference "his previously filed 121-page Traverse (Doc. 59-1) solely to the extent it relies on materials already contained within the

1

State Court Record or otherwise authorized by this Court's March 21, 2026 Order." (ECF No. 101, PageID 5286).  This is an obvious attempt to avoid the thirty-page limit placed on the Traverse by Magistrate Judge Litkovitz in her Order of March 23, 2026 (ECF No. 72).  Petitioner had requested permission to file an "oversized" traverse and actually attached to his request a copy of the document he now purports to incorporate by reference (Motion, ECF No. 59).  Because regulating the length of filings is within the non-dispositive matters authority of Magistrate Judges and because Petitioner never objected, he is bound by Judge Litkovitz's Order.  The undersigned will not consider the original proposed Traverse as "incorporated by reference" because any reference made to that document by Petitioner is an attempted breach of Judge Litkovitz's Order which has not been modified by Judge Black.

**Litigation History**

On May 4, 2015, the Hamilton County Grand Jury indicted Struckman on two counts of unlawful possession of dangerous ordnance in violation of Ohio Revised Code § 2923.7(A) with firearm and forfeiture specifications. (Indictment, State Court Record, ECF No. 56 Ex. 1).  Upon suggestion that Struckman was mentally incompetent to stand trial, the Common Pleas Court had him professionally evaluated and eventually found that he was competent. *Id.* at Ex. 11.

On March 6, 2018, and again on April 23, 2018, Petitioner executed written waivers of counsel. *Id.* at Exs. 24 and 25.  The case proceeded to jury trial and the jury convicted Petitioner on all charges and specifications. On May 17, 2018, the trial court sentenced Struckman to concurrent prison terms of twelve months on counts one and two, plus six years for the firearm specification to count two to run prior to and consecutive to the sentence for the underlying offense.

2

The total aggregate sentence is seven years in prison, with six of the seven years assessed as mandatory. *Id.* at Ex. 28.

The next day, May 18, 2018, Struckman appealed to the Ohio Court of Appeals for the First District.  As the case was eventually briefed, he raised the following assignments of error:

I.  The judgment was based on insufficient evidence and was contrary to law.

II.  Mr. Struckman was deprived of his right to counsel under the Sixth Amendment to the United States Constitution when his request for counsel during trial was denied.

III.  The trial court abused its discretion in finding Mr. Struckman competent to stand trial.

Appellant's Amended Brief, State Court Record, ECF No. 56, Ex. 31.  The First District affirmed. *Id.* at Ex. 34.  After several attempts at obtaining reconsideration, Petitioner appealed to the Ohio Supreme Court, stating the following propositions of law:

> I. Constructive knowledge is insufficient to fulfill Knowingly element under R.C.2923.17(A).
>
> II. R.C.2901.21(A)(2) requires requisite degree of culpability to prove knowingly in R.C.2923.17(A).
>
> III. R.C.2923.17(A) requires access be proven.
>
> IV. R.C.2923.17(A) Constructive possessions "control-over" element standing alone cannot prove the ready at hand or under his control "under-control" element to fulfill the specification in R.C.2941.144.
>
> V. R.C.2941.144 requires "on or about his person" and "ready at hand or under his control" to be met to prove R.C.2941.144.

> VI. a defendant cannot simply wear out the individual right to counsel or the requirement under Crim. R. 44(C) each and every time counsel stands down.
>
> VII. Crim.R.44(C) does not permit presumption of a waiver of counsel.
>
> VIII. The lower courts ignoring competency stipulations and failing to notice lack of competence to stand trial is abuse of discretion.

Memorandum in Support of Jurisdiction, State Court Record, ECF No. 56, Ex. 36.  The Ohio

Supreme Court declined to exercise jurisdiction.  *Id.* at Ex. 37.

On November 18, 2019, Struckman filed *pro se* a petition under Ohio Revised Code §

2953.21 to vacate or set aside judgment of conviction and sentence. *Id.* at Ex. 41.  The trial court

found all of the pleaded issues could have been raised on direct appeal and denied the Petition. *Id.*

at Ex. 43.  Struckman appealed *pro se* and raised the following assignments of error:

> I. The trial court[']s judgement was a result of an unfair trial.
>
> II. The ineffective assistance of counsel Craig Newburger resulted in an unfair trial.
>
> III. The ineffective assistance failure to raise a claim by counsel Bradly Hoyt resulted in an unfair trial.
>
> IV. The defendant was denied equal protection and due process as guaranteed by the Ohio Constitution and the Constitution of the United States.

Appellant's Brief, State Court Record, ECF No. 56, Ex. 47.  The First District affirmed and the

Ohio Supreme Court declined review.  *Id.* at Exs. 50, 53.

On May 29, 2020, Struckman filed an Application for Reopening under Ohio R. App. P.

26(B). *Id.* at Ex. 58.  The First District denied the Application (*Id.* at Ex. 60) and Struckman did

not appeal.  After numerous other unsuccessful post-trial actions in the Ohio courts, Struckman

filed his original Petition in this Court by placing it in the prison mailing system on August 25, 2020.  The grounds for relief in the original Petition were replaced by Struckman when he filed his Second Amended Petition.  However, he nowhere in this 109-page document actually pleads any grounds for relief.  Instead he sets forth separate sets of supposedly "supporting facts" which Respondent reads as pleading the following grounds for relief:

> **GROUND ONE**: Sufficiency of the evidence; knowing and voluntary waiver of counsel; competency; errors in jury instructions
>
> **GROUND TWO**: Error in ruling on 26(B) application to reopen his appeal; appellate counsel erred in the recitation of facts on direct review, failed to incorporate claims Struckman sought to raise in the brief.
>
> **GROUND THREE**: Error in denying motions for new trial; errors in jury instructions
>
> **GROUND FOUR**: Error in denying petition to vacate or set aside judgment of conviction; error regarding transcripts during trial; knowing and voluntary waiver of right to counsel; competency; right to be present at a critical stage;

(Return of Writ, ECF No. 57, citing Second Amended Petition, ECF No. 55, PageID 819-841).

In his Traverse, in contrast, Struckman sets forth the following grounds for relief:

> **Ground One:** Insufficient Evidence *Jackson v. Virginia* Supported by Brady Suppression, Double Jeopardy (*Ashe*) Factual-Finding Preclusion, *Napue/Giglio* Violations, and AEDPA Unreasonable Factual Determinations: Insufficient Evidence / Contrary to Law.
>
> ECF No. 101, PageID 5288.
>
> **Ground Two**: Sixth Amendment Denial of Counsel (Supported by Brady Suppression and Double Jeopardy Factual-Finding Preclusion), Invalid Waiver, Violations, Structural Error, Off-Record Judicial Interference.
>
> *Id.* at 5295-96
>
> **Ground Three**: *Brady* Violations, Double Jeopardy (*Ashe*) Factual-Finding Preclusion, Due Process, Prosecutorial Misconduct,

Crim.R. 33 Errors, and AEDPA Unreasonable Factual Determinations.

*Id.* at PageID 5303-04.

**Ground Four**: Double Jeopardy, *Brady* Violations, and Miscarriage of Justice, Due Process, Equal Protection, Ineffective Assistance of Counsel.

*Id.* at PageID 5309.

## Analysis

In the Return of Writ, Respondent reports that "[o]n October 9, 2024, Struckman was released upon the expiration of his prison term. Struckman is not subject to a term of post release control supervision." (ECF No. 57, PageID 4077). Struckman has nowhere contradicted this statement. Indeed on November 7, 2024, he notified the Clerk of a change of address to the address he has maintained with the Court ever since (ECF No. 45).

Struckman's release without any conditions of supervision by the State renders this case moot, depriving this Court of subject matter jurisdiction to decide it. Federal courts are courts of limited jurisdiction and can only decide matters where there is, and remains throughout, a live case or controversy. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Because questions of subject matter jurisdiction go to the very authority of a court to decide a matter, federal courts are obliged to raise lack of subject matter jurisdiction *sua sponte*. "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Chevalier v. Estate of Barnhart,* 803 F.3d 789, 794 (6th Cir. 2015), quoting *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011).

When Petitioner filed this case, he was imprisoned pursuant to what he asserted was an

6

unconstitutional conviction.  This gave the Court jurisdiction to consider his habeas corpus petition.  That jurisdiction would continue after his release if there were any cognizable collateral consequences such as parole or post release control.  *Maleng v. Cook*, 490 U.S. 488 (1989). "Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement." *Nian v. Warden,* 994 F.3d 746 (6th Cir. 2021), quoting *In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).  To put it another way, federal habeas corpus is a remedy for unconstitutional confinement; once that confinement ends, there is no longer a justiciable case or controversy.

Because this case no longer involves a live case or controversy between the parties, the Court lacks subject matter jurisdiction.  Therefore the Second Amended Petition should be dismissed without prejudice, because the Court will not be deciding the merits of any controversy between the parties.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 17, 2026.


s/ *Michael R. Merz*
United States Magistrate Judge



**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.