**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BUDDY EUGENE STRUCKMAN, | : | Case No. 1:20-cv-737 |
| | : | |
| Petitioner | : | District Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| | : | |
| vs. | : | |
| | : | |
| WARDEN, | : | |
| Pickaway Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Buddy Struckman under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (Doc. 107) to the Magistrate Judge's Decision and Order of July 16, 2026, denying Petitioner's renewed Motion to Expand the Record to include Exhibit A-9 (Doc. 103).

Petitioner seeks *de novo* review (Doc. 107). However, a motion to expand the record in a habeas corpus case is non-dispositive and review is therefore under Fed.R.Civ.P. 72(a) which provides a District Judge "may modify or set aside any part of the [Magistrate Judge's] order which is clearly erroneous or contrary to law." "Review under Rule 72(a) provides 'considerable deference to the determinations of magistrate judges.' 7 Moore's Federal Practice ¶ 72.03 [7.-3]. A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985); *Shivers v. Grubbs*, 747 F.Supp. 434 (S.D.Ohio 1990)."

*In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio, 1995)(Holschuh, J.).

Upon review under Fed.R.Civ.P. 72(a), the Court finds the Magistrate Judge's Order is neither clearly erroneous nor contrary to law. Petitioner's Objections are overruled for the reasons set forth below.

**OBJECTION 1: The Magistrate Judge Erred Under Post-2011 Precedent Because Pinholster Does Not Categorically Apply to Suppressed Evidence or Gateways.**

The question of whether to admit Exhibit A-9 was previously before the Court on Petitioner's Objections to Magistrate Judge Litkovitz's exclusion of A-9. The Court overruled those Objections and provided Petitioner could re-file if he provided precedent supporting expansion of the record that was handed down after *Cullen v. Pinholster,* 563 U.S. 170 (2011)(Doc. 80). As the Magistrate Judge notes Petitioner did not comply with that Order.

> Instead, Petitioner cites Supreme Court precedent which is all pre-*Pinholster*. Motion, Doc. 94, citing *Banks v. Dretke*, 540 U.S. 668, 691-98 (2004); *Williams v. Taylor*, 529 U.S. 420, 437 (2000); *Strickler v. Greene,* 27 U.S. 263 (1999); and *Kyles v. Whitley*, 514 U.S. 419 (1995). All were decided before *Pinholster* which was handed down in 2011. (Doc. 103).

Having failed to present any post-*Pinholster* precedent in his Renewed Motion, Petitioner now presents several cases in his Objections.

Petitioner first cites *Wearry v. Cain*, 577 U.S. 385 (2016), reached the Supreme Court before any petition for habeas corpus had been filed. It was before the Supreme Court on a writ of certiorari to the Supreme Court of Louisiana. In a *per curiam* decision the Court held that the State of Louisiana had, in this death penalty case, violated Wearry's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing material evidence including inmates' statements

casting doubt on the credibility of the State's star witness. The *Brady* material was already part of the state court record, having been obtained by Wearry in state post-conviction proceedings, so the *Pinholster* limitation was not in issue; *Pinholster* was not cited in the opinion.

Petitioner next cites *Turner v. United States,* 582 U.S. 313 (2017). This case arose out of a federal prosecution for murder and was before the Supreme Court on appeal from denial of relief in post-conviction proceedings under 28 U.S.C. § 2255. In those proceedings Turner introduced material he alleged should have been revealed under *Brady*. The Court held the evidence was not material to guilt or innocence and thus found no *Brady* violation. Because this was a proceeding entirely in federal court, the *Pinholster* limitation was not in issue and *Pinholster* was not cited.

In *McGuiggin v. Perkins*, 569 U.S. 383 (2013), the Court did recognize the admissibility of – indeed, the need for – new evidence outside the state court record to establish actual innocence and thereby satisfy the gateway through procedural obstacles to habeas relief established in *Schlup v. Delo*, 513 U.S. 298, 319 (1995). But as the Magistrate Judge held in the appealed Order, Exhibit A-9 is not evidence of actual innocence such as required by *Schlup* (Doc. 103).

In *Brumfield v. Cain*, 576 U.S. 305 (2015), another Louisiana capital case, the Court held petitioner had satisfied 28 U.S.C. § 2254(d)(2) and therefore was entitled to a full evidentiary hearing in federal habeas court; it found the § 2254(d)(2) violation on the basis of the state court record. The Court cited *Pinholster*'s text as permitting a federal evidentiary hearing when it was not barred by §2254(d). 576 U.S. at 311.

In *Hill v. Mitchell*, 842 F.3d 910 (6th Cir. 2016), also a capital case, the Sixth Circuit reversed a grant of the writ by this Court. *Pinholster* was cited only for the proposition that AEDPA deference is due only to state court decisions on the merits. *Id.* at 919.

*In re Wogenstahl,* 902 F.3d 621 (6th Cir. 2018), was also a capital case transferred to the Sixth Circuit for consideration of whether to permit a second or successive habeas petition. The Court granted that permission. It cited *Pinholster* for the proposition that a habeas court might consider a second *Brady* claim if based on newly discovered evidence. *Wogenstahl* does not stand for the proposition for which Petitioner cites it, to wit, that "*Pinholster* cannot be used as a shield when the State suppressed critical factual predicates." (Doc. 107).

In sum, none of the precedent newly-cited by Petitioner in his Objections holds *Pinholster* does not apply to motions to expand the record.

Because Petitioner did not comply with the Court's Order to provide post-*Pinholster* authority for his Motion, the Court affirms the Magistrate Judge's denial of the Motion. The Decision and Order is neither clearly erroneous nor contrary to law.

**OBJECTION 2: The Magistrate Judge Erred by Confusing the Evidentiary Value of Exhibit A-9 with Threshold Authentication**

Petitioner was convicted by a jury of possession of dangerous ordnance which was recovered by police from a location which Petitioner apparently inhabited. The contested exhibit A-9 shows unsuccessful efforts made by Petitioner to obtain from the United States Department of Justice federal firearm registration records with respect to the weapon. The Magistrate Judge refused to expand the record to include A-9 in part because registered ownership by one person (whoever that may be) does not preclude possession by another person because the ordnance in question is tangible personal property subject to loan, theft, sale, etc. (Doc. 103).

Petitioner now objects that A-9 is offered not on the issue of ownership, but to show a *Brady* violation under *Kyles v. Whitley*, 514 U.S. 419 (1995), which he reads as imposing a duty to learn on the prosecution.

*Kyles* is yet another Louisiana capital case in which a 5-4 majority of the Court held petitioner had shown a *Brady* violation by showing the prosecution withheld statements of eyewitnesses, statements made to the police by a key actor in the case ("Beanie"), and the "prosecution's list of the cars at the crime scene after the murder." 514 U.S. at 420. In reaching its decision, the Court assessed the materiality of each of these types of evidence. Petitioner has not shown that the evidence the DOJ declines to release to him is material, i.e., that there is a "reasonable probability that its disclosure would have produced a different result at trial." 514. U.S. at 420. Even assuming that the undisclosed registration material shows that someone other than Petitioner was the registered owner of the dangerous ordnance at the time of Petitioner's arrest, the conclusion that this would not probably have produced a different result at trial is not clearly erroneous. To establish a *Brady-Kyles* violation, Petitioner must demonstrate materiality. He has not.

*Kyles* certainly supports a duty of the prosecutor to learn what evidence the relevant police agencies have regarding a particular offense. But Petitioner has cited no authority that the duty to learn extends to an agency of a different sovereign, the federal government, which is not charged with investigating crimes and as to which there is no evidence it investigated this offense.

Petitioner's Second Objection is **OVERRULED**.

**OBJECTION 3: The Magistrate Judge Clearly Erred in Finding No Pleaded Gun-Owner Brady Claim**

Having reviewed the cited pages in the Objections, the Court agrees with the Magistrate Judge that Petitioner has not pleaded a gun ownership *Brady* claim, no matter how liberally his claims are construed. Petitioner objects "Under Fed. R. Civ. P. 8(b) and 15(c), a habeas traverse functions as an amendment and clarification of the Petition, and its factual allegations must be

considered when applying liberal-construction principles to *pro se* filings." (Doc. 107). That is a misreading of both Rules and Petitioner cites no authority supporting his reading. Claims cannot be added to a habeas corpus case by pleading them in a traverse, as Petitioner insists he has done. Claims can be added only by amendment under Fed.R.Civ.P. 15

**OBJECTION 4: The Magistrate Judge Applied the Wrong Legal Standard — *Brady* Materiality Does Not Require a 'Complete Defense"**

The Court concludes the Magistrate Judge did not rely on a legally incorrect standard for judging the materiality of Exhibit A-9. Rather, the Magistrate Judge was explicitly responding to Petitioner's own claim that it would provide a "complete defense." *See* Doc. 103, quoting and responding to Petitioner's use of the phrase "complete defense" in the Motion to Expand at Doc. 94.

**OBJECTION 5: The Magistrate Judge Clearly Erred in Concluding A-9 "Proves Nothing" — A-9 Is Classic Brady/Kyles/Napue/§ 2254(d)(2) Suppression Evidence**

The Court agrees with the Magistrate Judge that Exhibit A-9 does not prove a *Brady* violation because, aside from the materiality issues discussed above, A-9 does not tell the Court the content of the supposedly suppressed information, preventing the Court from determining whether or not the content would have been material.

Accordingly, Petitioner's Objections to the Decision and Order are **OVERRULED**. Petitioner's Motion to Expand the Record to include Exhibit A-9 is **DENIED**.

**IT IS SO ORDERED.**

Date: 8/14/2026

*s/Timothy S. Black*
Timothy S. Black
United States District Judge