**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BUDDY EUGENE STRUCKMAN, | : | Case No. 1:20-cv-737 |
| | : | |
| Petitioner | : | District Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| | : | |
| vs. | : | |
| | : | |
| WARDEN, | : | |
| Pickaway Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Buddy Struckman under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (Doc. 106) to the Magistrate Judge's Report and Recommendations of July 17, 2026 (Doc. 104). Petitioner's Objections were served by mail July 18, 2026, such that any response from Respondent was due by August 4, 2026, but no response has been filed. Thus, the Objections are ripe for consideration.

As required by Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b), the Court has reviewed the Report *de novo* with particular attention to any portion to which objection has been made. Having done so, the Court rules on the Objections as follows.

The Report recommends dismissing the case without prejudice for lack of subject matter jurisdiction under Article III in that Petitioner has been released without further conditions from the prison term he alleges was unconstitutionally imposed on him (Doc. 104). Petitioner's Objections are addressed *seriatim* as follows.

**Objection No. I: The Magistrate Judge committed clear factual and legal error by claiming Petitioner "nowhere contradicted" the mootness assertion, ignoring record evidence at Doc. 59-1**

Agreeing that a habeas petitioner must be in physical custody when he files suit, Petitioner argues "subsequent release from physical confinement does not render the case moot if the underlying criminal conviction carries continuing collateral consequences." (Doc. 106, citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968), and *Sibron v. New York*, 392 U.S. 40, 55-57 (1968)).

The factual error Petitioner claims the Magistrate Judge made was in stating the Petitioner "nowhere contradicted" the Respondent's mootness assertion. What the Report actually says is that Petitioner nowhere contradicted Respondent's statement in the Return of Writ that "[o]n October 9, 2024, Struckman was released upon the expiration of his prison term. Struckman is not subject to a term of post release control supervision." (Doc. 104). Those were the facts on which Respondent bases her claim of mootness and Petitioner does not deny them in his Objections. He claims that he "contradicted" them at Doc. 59-1.

Doc. 59-1, is, of course, the proposed Traverse which he sought leave to file and which Magistrate Judge Litkovitz denied, limiting him to thirty pages for his traverse. As noted in the Report, although Petitioner never objected to that Order, he has attempted to ignore it by "incorporating" Doc. 59-1 by reference. The cited page (PageID 4428) does not contain any contradiction of the **facts** the Respondent relies on for mootness. Instead, it summarizes Petitioner's argument, repeated in the pending Objections, about why those facts do not render the case moot.

The legal error which Petitioner charges against the Report is ignoring the impact of *Carafas* and *Sibron*. In *Carafas* the petitioner had been unconditionally released, but the district

court had issued a certificate of probable cause[1] to allow an appeal. The Supreme Court labeled the disabilities that then flowed in New York from a felony conviction as "collateral consequences":

> In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. Because of these 'disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' *Fiswick v. United States,* 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946). On account of these 'collateral consequences,'[8] the case is not moot. *Ginsberg v. New York,* 390 U.S. 629, 633—634, n. 2, 88 S.Ct. 1274, 1277—1278, 20 L.Ed.2d 195 (1968); *Fiswick v. United States, supra,* 329 U.S. at 222, n. 10, 67 S.Ct., at 230; *United States v. Morgan,* 346 U.S. 502, 512—513, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). [Footnotes omitted.]

In *Sibron v. New York*, 392 U.S. 40 (1968), decided a month after *Carafas*, the Court largely eschewed analysis of collateral consequences, noting the many ways in which a felony conviction continues to have impact after the sentence is served. Petitioner here lists similar ways in which his conviction will impact his future civic life:

> 1. The permanent forfeiture of his constitutional Second Amendment right to possess firearms under Ohio Revised Code § 2923.13;
>
> 2. The statutory disqualification from serving as a juror in the State of Ohio;
>
> 3. The statutory bar from holding public office or obtaining various state-regulated professional licenses; and

[1] A certificate of probable cause was needed for appeal in a habeas case before enactment of the AEDPA in 1996.

4. The ongoing threat of severe statutory sentence enhancements in any future legal proceedings.

(Doc. 106). In fact, Petitioner argues, the Court **must** presume there are collateral consequences of a felony conviction (Doc. 106, citing *Spencer v. Kemna*, 523 U.S. 1,7-8 (1998)).

In *Spencer* the petitioner challenged a parole revocation decision for which the sentence had already expired. The Court noted that its jurisprudence on Article III standing had changed since *Carafas* and *Sibron* in cases such as *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464 (1982), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992). Bottom line, the Court refused to extend the presumption of collateral consequences to parole revocation cases. 523 U.S. at 15. Nowhere in *Spencer* does the Court hold a court must presume collateral consequences from a felony conviction, i.e., that the presumption is irrebuttable. In *Spencer* itself the Court held that because petitioner had been released from custody, his case no longer satisfied the "case or controversy" requirement for federal jurisdiction under Article III.

While the consequences of Petitioner's conviction might have been sufficient to satisfy Article III under *Carafas* and *Sibron*, the Article III jurisprudence has been substantially modified since then. None of the consequences of his conviction that Petitioner has identified is sufficient to preserve subject matter jurisdiction in this case.

**Objection No. II: The Magistrate Judge Erred as a Matter of Law by Holding that Petitioner's Release Divests the Court of Subject-Matter Jurisdiction.**

In his Second Objection, Petitioner continues to insist that subject matter jurisdiction in habeas is contingent only on being in custody when the case is filed and continues until the case is decided so long as there are disabilities attached to the conviction. He again cites *Carafas* and *Sibron*, but adds *Benton v. Maryland,* 395 U.S. 784 (1969). *Benton* is not in point. The Supreme

Court limited its consideration in that case to two issues concerning a Double Jeopardy claim. 395 U.S. at 786. It cited *Sibron*, which had just been decided in the prior term, in the context of discussing the so-called "concurrent sentence doctrine."

Petitioner also cites *Maleng v. Cook*, 490 U.S. 488 (1989), decided twenty years after *Benton*. In *Maleng* the Court expressly held that when a sentence expires before a habeas petition is filed, the petitioner is not sufficiently in custody to invoke the federal habeas jurisdiction. Of course, if the usual consequences of a felony conviction were present, that should have been enough under *Carafas* and *Sibron*.

Respondent relied in the Return on *United States v. Juvenile Male*, 546 U.S. 911 (2011), where the Supreme Court found mootness after expiration of a sex registration requirement without any discussion of possible disabilities arising from the underlying conviction of the sort listed in *Carafas* and *Sibron* and relied on by Petitioner here.

The Sixth Circuit has held a person whose current sentence was enhanced because of a prior conviction cannot, even if he is still in custody on the second conviction, challenge the legality of the first in habeas. *Steverson v. Summers,* 258 F.3d 520 (6th Cir. 2001), *citing Daniels v. United States*, 532 U.S. 374 (2001); and *Lackawanna County District Atty. v. Coss*, 532 U.S. 394 (2001). Our circuit has also held classification under the Ohio sexual predator statute does not result in custody sufficient to permit testing by writ of habeas corpus. *Hautzenroeder v. Dewine*, 887 F.3d 737 (6th Cir. 2018); *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002). Thus, under current Article III jurisprudence, at least some consequences of a felony conviction – consequences of the sort on which Petitioner relies – are insufficient to support jurisdiction.

**Objection No. III: The Magistrate Judge erred by refusing to consider Petitioner's factual citations contained in Doc. 59-1, and by issuing an unauthorized contempt warning.**

In his third Objection, Partitioner complains of the Magistrate Judge's refusal to consider the "factual citations" contained in Doc. 59-1. The Court agrees with the Magistrate Judge that Petitioner's "incorporation by reference" is not a citation to facts, but an attempt to force the Court to analyze the case in light Petitioner's proffered 416 page[2] Traverse. Petitioner himself apparently realized the difficulty the size of the proffered document presented, because it is attached to his "Motion to File Oversized Traverse" (Doc. 59). Magistrate Judge Litkovitz granted partial relief, allowing thirty pages (Doc. 72). Although Petitioner is plainly aware of his right to object to anything a Magistrate Judge does and of the method for doing it, he made no objection to that portion of the Order. Instead, he has attempted to evade that Order by "incorporating by reference" the much longer document into the thirty-page document he filed labeled Traverse (Doc. 101).

Black's Law Dictionary defines "incorporation by reference" as "A method of making a secondary document part of a primary document by including in the primary document a statement that the secondary document should be treated as if it were contained within the primary one." (12th ed. at 912). That is precisely how the Magistrate Judge understood what Petitioner wrote and his justified reason for criticizing it.

The Magistrate Judge criticized Petitioner for filing three different documents labeled "Traverse." Petitioner blames this on "the third-party commercial mailing vendor—postalform.com." Petitioner offers no proof other than his own unverified assertion that this is what happened. "Postalform.com" appears nowhere on the docket until cited by Petitioner in his Objections at PageID 5517. It is not an authorized filer in this Court. Its website describes it as essentially an electronic mailing service. Obviously Petitioner has chosen it as his agent for delivery of documents to the Court. But since it his choice with no involvement of the Court, he

[2] In the body of his Motion, Petitioner refers to it as a "121-page" document, but as filed it has 416 pages.

is responsible for his agent's mistakes. The Magistrate Judge had no way of knowing about postalform.com's involvement. Instead he was confronted with three documents on their face filed by Petitioner labeled "Traverse" (Docs. 89, 95, 101).

The Magistrate Judge threatened Petitioner with contempt of court if he filed any further iterations of the Traverse (Doc. 104). Petitioner upbraids the Magistrate Judge for making that threat, asserting it is beyond Magistrate Judge authority. He is mistaken. Magistrate Judge authority to punish summarily for contempt of court is limited to contempts occurring in the actual presence of the Magistrate Judge by 28 U.S.C. § 636(e)(2). But under §636(e)(6) a Magistrate Judge is to certify facts he or she believes constitute contempt to the assigned District Judge for adjudication. It is completely appropriate for a Magistrate Judge observing behavior which could be found to be contemptuous to warn a person against repeating it.

Petitioner believes the factual allegations he made in his Traverse must be accepted as true because the State did not respond. He claims by refusing to do so, the Report "nullifies 28 U.S.C. § 2248) (Doc. 106). Not so. § 2248 does not mention factual allegations made in a traverse, but only those made in a return of writ.

Petitioner complains that the filing of the Report within forty-eight hours violates due process because it did not give him an adequate opportunity to "correct logistical deficiencies." Neither the decisional law nor the Rules of Civil Procedure even suggest that before filing a report and recommendations, a Magistrate Judge must give a party notice of perceived deficiencies.

**Objection No. IV: The Magistrate Judge erred by recommending the denial of a Certificate of Appealability and certifying that an appeal would be frivolous.**

Petitioner objects to the Report's recommendation of a denial of a certificate of appealability and the Court agrees that a certificate of appealability should issue on the question

whether the case became moot with petitioner's release from physical custody without any post-release conditions.

In *Gentry v. Deuth*, 456 F.3d 687 (6th Cir. Jul. 31, 2006)(Boggs, Ch. J.), the court held a district court continued to have jurisdiction to enforce its conditional grant of the writ when the Commonwealth had not complied with the condition. The circuit court noted that although the petitioner had served her sentence, she continued to experience "collateral consequences" of the conviction, citing *Carafas* and *Sibron*.

A district court's enforcement of its conditional writ is different from the situation here. In *Gentry* the district court had found a constitutional violation and attempted to remedy it with a conditional writ, but the Commonwealth of Kentucky did not comply. Thus, the District Court and the Petitioner had an interest in enforcing the writ which does not apply here. Here there has been no finding of a constitutional violation. Whether this distinction is enough to support a different result is a question the Sixth Circuit can answer on appeal. "A petitioner satisfies this standard [established by *Slack v. McDaniel,* 529 U.S. 473 (2000)] by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The mootness question in this case deserves encouragement to proceed further.

Beyond the mootness question, Petitioner asserts "the underlying petition states clear, debatable constitutional claims grounded in the active record." (Doc. 106). He seeks a certificate of appealability on those issues. No certificate will issue because the Court has not decided those issues. If the Sixth Circuit finds jurisdiction and remands the case, it will then be appropriate for the Court to decide those issues.

**Objection No. V: AEDPA Failures**

Petitioner complains the Report does not apply AEDPA merits review standards. This is appropriate because the Report found this Court no longer had subject matter jurisdiction.

**Objection VI: Record-Review Failures**

*See* response to Objection V.

**Objection VII: Failure to address claims**

*See* response to Objection V.

**Objection VIII: Unlawful contempt threat**

For the reasons given above, the Magistrate Judge's threat of contempt of court was an appropriate warning of potentially contemptuous behavior.

**Objection IX: Due-Process violations**

Petitioner asserts the Magistrate Judge violated Petitioner's Due Process rights by issuing a Report and Recommendations within forty-eight hours of the filing of the Traverse. This Objection is without merit. Given the heavy caseload of this Court, its judicial officers need to prioritize long-pending cases. This case was filed almost six years ago and thus has been pending twice as long as cases reportable under the Civil Justice Reform Act of 1996. There is no case authority suggesting a Magistrate Judge must issue a draft report and recommendations and allow parties an opportunity to correct deficiencies.

**CONCLUSION**

Having reviewed the Report *de novo*, the Court adopts the Report except for its recommendation of denial of a certificate of appealability. The Clerk will enter judgment dismissing the Petition as **MOOT**. Petitioner is **GRANTED** a certificate of appealability on the question whether his release from imprisonment without any term of post release control renders

this case moot so as to deprive the Court of subject matter jurisdiction under Article III of the Constitution.

The Court makes no recommendation to the Sixth Circuit on whether Petitioner should be allowed to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Date: 8/14/2026

*s/Timothy S. Black*
Timothy S. Black
United States District Judge