**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BUDDY EUGENE STRUCKMAN, | : | Case No. 1:20-cv-737 |
| | : | |
| Petitioner | : | District Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| | : | |
| vs. | : | |
| | : | |
| WARDEN, | : | |
| Pickaway Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

## ORDER DENYING PETITIONER'S MOTION TO AMEND JUDGMENT AND MOTION FOR RELIEF FROM JUDGMENT (DOCS. 114, 115)

This habeas corpus case, brought *pro se* by Petitioner Buddy Struckman under 28 U.S.C. § 2254, is before the Court on Petitioner's "Rule 59(e) Motion to Alter or Amend the Judgment" (Doc. 114) and his "Rule 60(b) Motion to Reopen Judgment Based on Procedural Defects in the Habeas Proceedings." (Doc. 115). Respondent has filed a combined Memorandum in Opposition (Doc. 117) and Petitioner has filed a combined Reply in support of both Motions (Doc. 118).

## I. BACKGROUND

### A. Motion to Amend the Judgment

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see* Sault Ste. Marie Tribe, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv*., 616 F.3d 612, 615 (6th Cir. 2010).

**B. Asserted Errors of Law**

Struckman relies on the "clear error of law" branch of this doctrine. He writes: "The Court committed a clear error of law by failing to recognize that Petitioner's challenge is strictly conviction-based, rendering the Court's reliance on parole-revocation precedents completely inapplicable." To the contrary, the Court recognizes that Struckman is attacking his conviction on two felony counts of unlawful possession of dangerous ordnance in violation of Ohio Revised

Code § 2923.17(A). A direct consequence of that conviction was imprisonment in the Ohio prison system. While suffering that direct consequence, Struckman filed the Petition in this case on October 9, 2020, challenging the constitutionality of that conviction (Doc. 4). However, Respondent reported to the Court that "on October 9, 2024, Struckman was released upon the expiration of his prison term. Struckman is not subject to a term of post release control supervision." (Doc. 57, PageID 4077, quoted in Magistrate Judge's Report and Recommendations, Doc. 104, PageID 5457). Struckman has never contradicted that statement of fact and the Court relied on that fact to conclude that it lacked subject matter jurisdiction to continue with this case.

To support continued subject matter jurisdiction, Struckman relied and continues to rely on the "presumed collateral consequences" of the conviction itself, to wit, the disqualification of convicted felons from possessing firearms[1], holding public office, serving as jurors, entering certain professions, and the exposure to enhanced sentencing if convicted of certain crimes. Although he has offered no formal proof, the Court accepts *arguendo* Struckman's assertion he has no other felony convictions, so these consequences flow only from the conviction at issue in this case. Furthermore, these consequences are imposed by statute and therefore are more certain in their application than other possible consequences of a felony conviction, e.g., disclosure on a background check for certain private employment.

The question at issue is not whether there are some definite consequences of Struckman's conviction, but whether those consequences are sufficient to sustain subject matter jurisdiction. Petitioner relies in the first instance on *Carafas v. LaVallee*, 391 U.S. 234 (1968). In that case the

---

[1] Struckman cites/ Ohio Revised Code § 2923.13 as prohibiting possession of firearms by convicted felons. Actually, the cited statute only prohibits possession of a firearm by a person who has been convicted of a "felony offense of violence." Ohio Revised Code § 2901.01(a)(9) defines "offense of violence" to include violations of certain sections of the Revised Code not including the section under which Struckman was convicted, Ohio Revised Code § 2923.17(A).

Supreme Court faced a situation where the habeas petitioner Carafas had been in custody when he filed his petition in June 1963 but, "[o]n March 6, 1967, petitioner's sentence expired, and he was discharged from the parole status in which he had been since October 4, 1964." *Carafas* at 236. The Supreme Court did not issue its writ of certiorari until October 16, 1967. *Id.* Respondent sought dismissal on the basis of *Parker v. Ellis*, 362 U.S. 574 (1960). Justice Fortas wrote for the Court:

> The issue presented, then, is whether the expiration of petitioner's sentence, before his application was finally adjudicated and while it was awaiting appellate review, terminates federal jurisdiction with respect to the application. Respondent relies upon Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), and unless this case is overruled, it stands as an insuperable barrier to our further consideration of petitioner's cause or to the grant of relief upon his petition for a writ of habeas corpus.
>
> *Parker v. Ellis* held that when a prisoner was released from state prison after having served his full sentence, this Court could not proceed to adjudicate the merits of the claim for relief on his petition for habeas corpus which he had filed with the Federal District Court. This Court held that upon petitioner's unconditional release the case became 'moot.' Parker was announced in a per curiam decision.
>
> It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State;[6] he cannot serve as a juror. Because of these 'disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' *Fiswick v. United States*, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946). On account of these 'collateral consequences,' the case is not moot. *Ginsberg v. New York*, 390 U.S. 629, 633—634, n. 2, 88 S.Ct. 1274, 1277—1278, 20 L.Ed.2d 195 (1968); *Fiswick v. United States, supra*, 329 U.S.

> at 222, n. 10, 67 S.Ct., at 230; *United States v. Morgan*, 346 U.S. 502, 512—513, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954).

*Carafas* at 237-38. The Court then overruled *Parker v. Ellis* and decided the underlying constitutional issue. *Carafas* was decided May 20, 1968. About three weeks later the Court decided in *Sibron v. New York,* 392 U.S. 40 (1968), that the petitioner's habeas case was not rendered moot by expiration of his sentence, noting that a question of jurisdiction was involved. *Id.* at 50.

Petitioner's Motion asserts the Court erred by relying on parole revocation precedents which he asserts are "completely inapplicable." (Doc. 114, PageID 5713). Not so. In *Spencer v. Kemna*, 523 U.S. 1 (1998), the petitioner was imprisoned as the result of a parole revocation and the Court held that that was all that was required to satisfy the "in custody" requirement of both *Carafas* and *Maleng v. Cook*, 490 U.S. 488 (1989). However, the Court discussed at some length how *Carafas's*

> parsimonious view of the function of Article III standing has since yielded to the acknowledgment that the constitutional requirement is a "means of 'defin [ing] the role assigned to the judiciary in a tripartite allocation of power,' " *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 474, 102 S.Ct. 752, 759, 70 L.Ed.2d 700 (1982),[4] and "a part of the basic charter ... provid[ing] for the interaction between [the federal] government and the governments of the several States," *id.,* at 476, 102 S.Ct. at 761. *See also* *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–560, 112 S.Ct. 2130, 2135–2136, 119 L.Ed.2d 351 (1992).

*Spencer* at 12. The Court declined to presume sufficient collateral consequences would result from parole revocation and required the petitioner to prove actual consequences. *Id.* at 14. It is true that the consequences on which *Spencer* relied all related to parole revocation rather than the underlying felony conviction. But the same analysis applied to the proffered consequences in

*Spencer* should be applied here. Struckman has evinced no interest in being a candidate for public office, so the consequence that he cannot hold public office is purely hypothetical. He cannot serve on a jury, but his being called for jury service is again purely hypothetical. He cannot be admitted to the bar, but he has no law degree. His claim that the conviction bars him from exercising his Second Amendment right to be armed is doubtful. *See* footnote 1, *supra*.

Struckman also argues that standing at the outset of a case is sufficient to satisfy jurisdiction all the way through. Again, not so. As the Supreme Court noted in *Spencer:*

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990). *See also* *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334–35, 45 L.Ed.2d 272 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477, 110 S.Ct., at 1253.

*Spencer, supra*, at 7.

The Court acknowledges that *Carafas* has never been expressly overruled, but subsequent Supreme Court decisions strongly suggest it does not support continuing jurisdiction here. Because reasonable jurists might disagree on the question, the Court has granted Petitioner a certificate of appealability so that he can present this question to the Sixth Circuit.

**C. Failure to Accept Respondent's Concession of Jurisdiction**

Struckman also claims the Court committed a clear error of law by not accepting Respondent's concession of jurisdiction. But it is well-settled law that parties cannot confer subject matter jurisdiction on a federal court by consenting to it. In *Louisville & Nashville R. Co.*

*v. Mottley,* 211 U.S. 149 (1908), the parties had litigated their case all the way to the Supreme Court which dismissed it *sua sponte* for lack of subject matter jurisdiction.

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v.Y&H Corp.,* 546 U.S. 500, 506 (2006) (citing Fed.R.Civ.P. 12(b)(1). "[T]he party invoking federal jurisdiction has the burden to prove that [subject matter] jurisdiction [exists]." *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.,* 807 F.3d 806, 810 (6th Cir. 2015). If the Court determines that it lacks jurisdiction over certain claims, then it must dismiss those claims. *See Ammex, Inc. v. Cox,* 351 F.3d 697, 702 (6th Cir. 2003) (quoting *Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 343 (6th Cir. 1976)) ("parties cannot waive the requirement of subject matter jurisdiction."). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Capron v. Van Noorden*, 6 U.S. 126 (1804); *Louisville & Nashville R. Co., supra*; *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

Petitioner has not shown any clear error of law in the Court's decision. His Motion to Amend (Doc. 114) under Fed.R.Civ.P. 59(e) is accordingly **DENIED**.

**D. Motion to Reopen the Judgment for Procedural Defects**

In a separate Motion, Struckman seeks to have the judgment reopened under Fed.R.Civ.P. 60(b)(1) and (6) for asserted procedural defects.

Petitioner asserts "The judgment adopted Judicial revival of a waived defense, in violation of *Wood v. Milyard*, 566 U.S. 463,472-73 (2012)". (Doc. 115, PageID 5725). In *Wood* the Supreme Court held that federal circuit courts have the authority but not the duty to dismiss a habeas case that is filed after the statute of limitations has expired. In that particular case, the

Court found the dismissal was an abuse of discretion because the State had conceded on the limitations issue.

The one-year statute of limitations on habeas petitions is not jurisdictional and can be waived by the State or forfeited by not being pleaded in the answer. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, standing under Article III goes to the subject matter jurisdiction of the court and is not waivable or forfeitable as noted above.

For the same reasons, Petitioner's second and third objections to the judgment regarding the State's concession and the party presentation principle are without merit.

Petitioner's objection that the Magistrate Judge relied on cases not cited by the parties is likewise without merit. A judge is obliged to decide a case on the basis of the law as it stands, whether or not the parties cite particular cases.

Finally, Petitioner complains "[t]he judgment adopted Appearance of partiality, forbidden by *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 242(1980). He asserts the Magistrate Judge gave the appearance of partiality by mischaracterizing filings, and by threatening him with contempt sanctions, injecting new case law, and deciding the case within forty-eight hours (Doc. 115, PageID 5727). These arguments are already dealt with in the Decision adopting the Magistrate Judge's Report. *Marshall* reiterates general principles about impartiality of the judiciary and does not suggest any action by the Magistrate Judge in this case violated those principles.

## II. CONCLUSION

Petitioner's Motion to Amend (Doc. 114) and Motion for Relief from Judgment (Doc. 115) are **DENIED**. This case remains closed on the docket of this Court.

**IT IS SO ORDERED.**

Date: 10/7/2026

*s/Timothy S. Black*
Timothy S. Black
United States District Judge